RATTET PASTERNAK, LLP
*Attorneys for the Debtor*
550 Mamaroneck Avenue, Suite 510
Harrison, New York 10528
(914) 381-7400
Jonathan S. Pasternak
Erica R. Feynman

[*Additional counsel listed on signature page*]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

EAST RIVER MORTGAGE CORP.,                    Chapter 11
                                              Case No. 12-10861 (REG)

                            Debtor.
-----------------------------------------------------------------X

EAST RIVER MORTGAGE CORP.,                    Adv. Pr. No. 12-_____

                            Plaintiff,

                v.

EROS REALTY, LLC,  FEDERAL DEPOSIT
INSURANCE CORPORATION, and JPMORGAN
CHASE BANK, N.A.,

                            Defendants.

-----------------------------------------------------------------X

**COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIENS
COMBINED WITH  OBJECTION TO CLAIMS #8 AND #9
PURSUANT TO 11 U.S.C. 502(b)(1) AND FEDERAL RULE OF
BANKRUPTCY PROCEDURE 3007(d)(6)**

1

Plaintiff, East River Mortgage Corp. ("Plaintiff" or "Debtor" or "East River"), by its attorneys, Rattet Pasternak, LLP and the Law Office of David H. Leventhal, as and for its Complaint against defendants Eros Realty, LLC ("Eros"), Federal Deposit Insurance Corporation ("FDIC"), and JPMorgan Chase Bank, N.A. ("JPMC"), combined with its motion pursuant to 11 U.S.C. 502(b)(1) and Federal Rule of Bankruptcy Procedure 3007(d)(6) for an order expunging and/or disallowing Claim No. #8 and Claim No. #9, respectfully represents upon knowledge as to itself and its conduct and upon information and belief as to all other matters:

## PRELIMINARY STATEMENT

Plaintiff purchased most of the fee interest of a small apartment building in January 2012. Plaintiff does not believe the mortgage of record on the subject property is valid and seeks a declaratory judgment that it owns the Property free and clear of all mortgages and related claims and interests of record. Plaintiff also hereby objects to a secured and an unsecured proof of claim filed by the purported current mortgagee of record and seeks that the proofs of claim be disallowed and/or expunged in their entirety.

## JURISDICTION

1.    This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. 1334.

2.    This is a core proceeding within the meaning of §157(b)(2)(B), (K) and (O).

3.    Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

4.    The statutory basis for relief requested herein is §502(b)(1) and §506 of title 11 of the United States Code, 11 U.S.C. §§101, et seq., (the "Bankruptcy Code") and Rules 3007(d)(6), 7001(2), 7001(7), 7001(9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PARTIES

5. On March 2, 2012 (the "Petition Date"), the Debtor filed the above-captioned Chapter 11 proceeding, and was continued in possession of its business and management of its property pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. The Debtor maintains this Action in its capacity as statutory trustee pursuant to Sections 1107 and 1108 of the Bankruptcy Code, with the capacity to sue and be sued.

7. No trustee or examiner has heretofore been appointed in this proceeding.

8. No official committee of unsecured creditors has been heretofore appointed by the United States Trustee.

9. Eros Realty, LLC (Eros") is a limited liability corporation existing under and by virtue of the laws of the State of New York.

10. The Federal Deposit Insurance Corporation ("FDIC") is a federally sponsored corporation that insures accounts in national banks and other qualified institutions.

11. JPMorgan Chase Bank, N.A. ("JPMC") is a national banking institution.

## FACTS

12. 259 Fourth Avenue, Brooklyn, New York (the "259 Property") is an eight-family apartment building with a storefront.

13. On January 11, 2008, the then-owner of the 259 Property, 259 4th Avenue, LLC (principal Eddie Sachar), took out a loan with Washington Mutual Savings Bank ("Wamu"). In connection with the loan, 259 4th Avenue, LLC executed an Amended and Restated Promissory Note (the "Note") dated as of January 11, 2008 in favor of Wamu in the principal amount of $1,710,000.

3

14.   Also in connection with the loan, 259 4th Avenue, LLC executed on January 11, 2008 an Amended and Restated Security Agreement, Assignment of Leases and Rents, and Fixture Filing (the "Mortgage") which purported to consolidate prior liens on the 259 Property into one lien in favor Wamu securing the principal amount of $1,710,000.

15.   On or about September 25, 2008, JPMC purchased certain of Wamu's assets from the FDIC as receiver. The indebtedness evidenced by the Note was not, however, specifically identified as an asset included in that transaction.

16.   On December 31, 2008, JPMC filed an action to foreclose against the 259 Property encaptioned *JPMorgan Chase Bank, National Association, as successor to Washington Mutual Bank v. 259 4th Avenue LLC, et al.*, Index No. 08/34665 in New York Supreme Court, Kings County (the "Foreclosure Action").

17.   In connection with the filing of the Foreclosure Action, JPMC filed a lis pendens.

18.   In the Foreclosure Action, JPMC failed to provide any evidence that Wamu was the owner of the indebtedness evidenced by the Note on the date the FDIC took over Wamu, or that the rights to this indebtedness were in fact purchased by JPMC in its transaction with the FDIC.

19.   Upon information and belief, Wamu did not even own the Note on the date it was taken over by the FDIC, as the Note and all the beneficial interest in the payments secured by the Mortgage had previously been sold or assigned through a series interim entities and deposited in a REMIC trust as part of a securitization transaction.

20.   On the day Wamu was taken over by the FDIC, Wamu's interest in the 259 Property was, at most, solely that of a servicer. Upon information and belief, Wamu at the time

4

no longer owned any interest in the Note. Therefore, all that JPMC could have acquired in the purchase of Wamu from the FDIC was servicing rights and not the Note per se.

21. On April 4, 2010, Eros, an entity allegedly controlled by Sanford Nager ("Nager"), purported to purchase JPMC's mortgage interest in the 259 Property, including but not limited to a purported assignment of mortgage and rents. However, an assignment of mortgage was not filed by Eros until almost one year later on April 7, 2011![1]

22. While Eros claims to possess the original Note and Mortgage and related notes, it has failed to produce such documents for inspection by Debtor despite due and repeated Court ordered demand.

23. The documents submitted by JPMC in the Foreclosure Action, and the documents produced by Eros to date are insufficient to establish that Eros has standing to legally enforce the Note against the Mortgage.

24. Accordingly, Eros did not purchase an enforceable right or interest against the 259 Property.

25. On September 3, 2010 a judgment of foreclosure and sale was entered in favor of JPMC, which was still listed as plaintiff in the Foreclosure Action, in the amount of approximately $1,976,000 even though JPMC had already purportedly sold its beneficial interest to Eros.

26. In January 2011, James McGown ("McGown"), the principal of the Debtor, personally purchased a 10% interest in the 259 Property from 259 4th Ave LLC for $100.

---

[1] A copy of the Mortgage and Assignment are already on file with this Court under Eros' filed ECF Document No. 9, and the original Note under Debtor's ECF Document No. 35 at Exhibit 2. However, Eros' ECF filing, while providing an alleged allonge, has *no* Note attached to the allonge (ECF Doc. No. 9, Ex. G)!

McGown thereafter moved *pro se* in the state court to intervene and to dismiss the Foreclosure Action. The state court did not rule on McGown's motion prior to the Petition Date.

27. On December 31, 2011 the lis pendens on the 259 Property expired.

28. On January 2, 2012 the Debtor purchased the remaining 90% interest in the 259 Property from 259 4th Ave LLC for $35,000 and immediately recorded a deed not subject to any lis pendens. *To date, the lis pendens has still not been renewed*, despite the fact that this Court has previously ruled in the Debtor's Chapter 11 case that the automatic stay is modified to allow Eros to file an updated lis pendens on the 259 Property. ECF Document #30 at p. 3.

29. The expiration of the lis pendens and the failure of Eros to record the JPMC judgment of foreclosure eliminates the in rem aspect of the foreclosure and Debtor and the 259 Property, therefore, are respectively not subject to said judgment.

30. As a result of all of the foregoing, the Debtor wholly disputes that Eros has any interest in the 259 Property, including but not limited to the rents, profits and proceeds generated therefrom.

31. On May 2, 2012, this Court entered an order setting June 14, 2012 as the last date by which all parties in interest must file proofs of claim (the "Bar Date").

## OBJECTION TO PROOFS OF CLAIM #8 & #9

32. On June 14, 2012 Eros filed Proof of Claim #8 and Proof of Claim #9 (collectively, "Proofs of Claim").

33. Proof of Claim #8 asserts a claim in favor of Eros against the Debtor in the total amount of $2,435,692.91- secured as to the extent of $1,750,000 which it listed as the value of the 259 Property, and unsecured to the extent of $685,692.91.

34. Proof of Claim #9 purports a claim in favor of Eros against the Debtor, also in the amount of $2,435,692.91 and is filed as a wholly unsecured claim.

35. Proofs of Claim #8 and #9 both included a rider which noted that the documentation supporting the respective claims was voluminous and already a part of the Court's record. The Proofs of Claim also both attached a schedule which listed expenses which totaled to the claim amount, but did not contain any documentary support or any explanation for claimed items such as legal fees. The Proofs of Claim also both attached the Referee's Report of Amounts Due, the Judgment of Foreclosure and Sale, and a copy of an assignment of the Mortgage from JPMC to Eros.

36. The documentation included with the Proofs of Claim and the documents to which the Proofs of Claim refer are wholly inadequate to establish that Eros may enforce the Note and Mortgage against the 259 Property or therefore the Debtor's estate.

37. Proof of Claim #9 is filed as a wholly unsecured claim on the basis of a "Mortgage Note." Such claim has no merit, as Eros has not provided any evidence that it is in possession or custody of the Note. In addition, nowhere in Proof of Claim #9 does Eros allege that Debtor is a maker of any mortgage note, including the Note, nor does Eros allege that Debtor ever assumed any obligations under the Note. In fact, Debtor never assumed any obligations related to the Note.

38. There is thus no merit to Proof of Claim #9, and there is no basis for Eros to assert an unsecured claim against the Debtor's estate.

39. Even assuming, *arguendo*, that Eros had a valid secured interest in the 259 Property, such interest could only be asserted against Debtor to the extent of the validity of tis

7

secured interest. As Eros has not proven that it has a valid lien against the 259 Property, and the Debtor herein seeks declaratory relief that neither Eros nor any other Defendant parties purportedly in the chain of title similarly do not have a valid lien, the Proofs of Claim should be expunged in their entirety.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment Against Eros)

40. The allegations in paragraphs 1- 39 of this Complaint are realleged and specifically incorporated herein by reference.

41. Pursuant to §506 of Bankruptcy Code, the Debtor seeks a determination by this Court as to the nature, extent and validity of Eros's purported secured claim against the 259 Property.

42. Debtor alleges that the Mortgage is not a valid lien against the 259 Property, and that the Debtor/Plaintiff holds an interest in the 259 Property free and clear of the Mortgage.

43. Eros does not have a valid secured interest in the 259 Property because: a) Wamu sold the Note and Mortgage prior to being taken over by the FDIC and thus the FDIC, at most, received only servicing rights, but not the Note and Mortgage interests, from Wamu; b) in its purchase of Wamu assets from the FDIC, the Note and Mortgage were not specifically identified as assets transferred to JPMC pursuant thereto; c) Eros has neither proven that it is in possession of the original Note nor that it has been properly endorsed/assigned; and (d) any security interest in the 259 Property did not remain perfected upon the purported transfer of the Note because the Note, if transferred at all, was not transferred in accordance with the NY Uniform Commercial Code.

44.     An actual controversy exists between Plaintiff and Eros with regard to the validity, nature, and extent of their interests in the 259 Property.

45.     It is therefore necessary that this Court declare the actual rights and obligations of the parties and make a determination as the validity, nature, and extent of Eros's interest in the 259 Property.

46.     Debtor/Plaintiff therefore seeks a judgment declaring that Eros does not have a valid secured claim, lien or other claim or interest against the 259 Property, the Debtor, or its estate.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment Against FDIC)

47.     The allegations in paragraphs 1-46 of this Complaint are realleged and specifically incorporated herein by reference.

48.     Pursuant to §506 of Bankruptcy Code, the Debtor seeks a determination by this Court as to the nature, extent and validity of any possible secured claim that the FDIC may have against the 259 Property.

49.     Debtor alleges the Mortgage is not a valid lien against the 259 Property, and that Plaintiff holds an interest in the 259 Property free and clear of the Mortgage.

50.     Because Debtor is not a maker on the Note, and has not assumed obligations to repay debt under the Note,  the FDIC is not in possession or the holder of the Note, and further having failed to file a proof of claim before the Bar Date, FDIC has no claim against the 259 Property or the Debtor or its estate.

51.     An actual controversy exists between Plaintiff and FDIC with regard to the validity, nature, and extent of their interests in the 259 Property.

52. It is therefore necessary that this Court declare the actual rights and obligations of the parties and make a determination as the validity, nature, and extent of FDIC's interest in the 259 Property.

53. Debtor/Plaintiff therefore seeks a judgment declaring that FDIC does not have a valid lien, secured claim, lien or other claim or interest against the 259 Property, the Debtor, or its estate.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Declaratory Judgment Against JPMC)

54. The allegations in paragraphs 1-53 of this Complaint are realleged and specifically incorporated herein by reference.

55. Pursuant to §506 of Bankruptcy Code, the Debtor seeks a determination by this Court as to the nature, extent and validity of any possible secured claim that JPMC may have against the 259 Property.

56. Debtor alleges the Mortgage is not a valid lien against the 259 Property, and that Plaintiff holds an interest in the 259 Property, free and clear of the Mortgage.

57. Because Debtor is not a maker on the Note, and has not assumed obligations to repay debt under the Note, JPMC is not in possession or the holder of the Note, and further having failed to file a proof of claim before the Bar Date, JPMC has no claim against the 259 Property or the Debtor or its estate.

58. An actual controversy exists between Plaintiff and JPMC with regard to the validity, nature, and extent of their interests in the 259 Property.

59. It is therefore necessary that this Court declare the actual rights and obligations of the parties and make a determination as the validity, nature, and extent of JPMC's interest in the 259 Property.

60. Debtor/Plaintiff therefore seeks a judgment declaring that JPMC does not have a valid lien, secured claim, lien or other claim or interest against the 259 Property, the Debtor, or its estate.

**WHEREFORE**, Debtor/Plaintiff prays this Court: (1) determine that Eros's purported secured claim, interests or other claims against the 259 Property be deemed invalid, unenforceable and disallowed pursuant to §506 of the Bankruptcy Code, (2) determine that Eros accordingly does not have an unsecured claim against the Debtor or its estate, (3) issue an order disallowing and expunging Proofs of Claim #8 and #9 in their entirety, (4) determine that neither FDIC nor JPMC have any secured claims or interests against the 259 Property, (5) determine that neither FDIC nor JPMC have any other claims against the Debtor and its estate, and (4) order that the County Clerk, Bronx County, be directed to execute any and all documents necessary to strike any liens of JPMC, FDIC or Eros off the public record, together with such other and further relief as is just and equitable.

Dated: Harrison, New York
October 4, 2012

                                                  RATTET PASTERNAK, LLP
*Attorneys for the Debtor*
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

By: *Jonathan S. Pasternak*
      Jonathan S. Pasternak

LAW OFFICE OF DAVID H. LEVENTHAL
*Special Litigation Counsel for the Debtor*
188 Ludlow Street – Suite 3G
New York, NY 10002
(212) 729-3179

By:   *David H. Leventhal*
      David H. Leventhal